Curia, per

Earle, J
It is needless to refer to the well established rule on the subject of damages, in cases of entire contract. Such was the agreement between the plaintiff and defendant here. If the plaintiff had performed his contract to the end, he would have been entitled to his full wages for the year. So, also, if ready and willing to perform, he was prevented from it by the defendant, and dismissed without cause, he would have been entitled to full wages. But, in such case, he should treat the contract as subsisting to the end of the year; and could not recover upon it, until the expiration of the term for which he was employed. Without noticing the variance between the parol agreement declared on, and the written agreement proved in evidence, it is enough to remark, that the plaintiff, by commencing his action in September, immediately after he was dismissed, has treated the contract as being rescinded, and put an end to ; has waived his right to entire damages for the whole year ; and has restricted his right of recovery to a compensation for his services on a quantum meruit.
* Although there may be some reason to suppose that the jury estimated the value of the plaintiff’s services at a less sum than he did himself, and less than did some of his witnesses, yet, as they violated no rule of law, and adopted no arbitrary standard, there is no good reason to disturb the verdict.
The motion is therefore refused:
the whole court concurring.